Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6280 | **DATE** | 7/29/2004 |
| **CASE TITLE** | JOSEPH BARNES vs. KENNETH BRILEY, ET AL | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Motion (41-1, 51-1, and 53-1) to dismiss is granted.  Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 0 6 2004 | |
| | Notified counsel by telephone. | date docketed | 69 |
| ✓ | Docketing to mail notices. | JXM | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH BARNES,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH BRILEY, et al.,<br><br>Defendants. | No. 00 C 6280<br>Judge James B. Zagel |

**DOCKETED**

**AUG - 6 2004**

## MEMORANDUM OPINION AND ORDER

On October 10, 2000, Plaintiff Joseph A. Barnes filed his original pro se complaint against the Centers for Disease Control ("CDC"), alleging that he was subjected to experimentation by the CDC and that the CDC failed to diagnose and treat his Hepatitis C viral condition ("HCV"). On August 21, 2003, this Court granted Plaintiff's motion for leave to file an amended complaint, dismissing all claims against the CDC and adding Kenneth R. Briley, Michael Krolikiewicz, Georgia Schonauer, Carmen Ruffin, Dr. Joseph Smith, Dr. Jovita Anyanwu, Dr. Kevin Smith, Dr. Partha Gost, and Jenny Laigh as defendants. Plaintiff's First Amended Complaint now alleges a violation of 42 U.S.C. § 1983. Defendants Briley, Schonauer, Ruffin and Brauer, later joined by Defendant Krolikiewicz, Defendant Dr. J. Smith, and Defendant Dr. Anyanwu have filed motions to dismiss.

A motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, a court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all

well-pleaded facts and allegations as true. *See Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

As a preliminary matter, I feel it necessary to address the statute of limitations issues brought out in the Defendants' motions. Defendants uniformly argue that Plaintiff's First Amended Complaint should be dismissed because it is barred by the statute of limitations. The applicable statute of limitations for claims brought pursuant to § 1983 is the state period for personal injury torts, *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), which in Illinois is two years. *See Farrell v. McKonough*, 966 F.2d 279, 280-82 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276 (7th Cir. 1989). While each of the Defendants argues that the statute of limitations has expired, they provide different starting dates for the statutory period. The IDOC Defendants argue that the statute of limitations began to run in August, 1999 when Plaintiff first alleges that the violations occurred, Defendant Dr. Anyanwu argues that the statute of limitations began on March 13, 2000 when Plaintiff filed an earlier claim, and Defendant Dr. J. Smith argues that the statute of limitations began on either January 14, 2000 or March 2, 2000 when Plaintiff sent him letters requesting HCV testing.

In response to all of these asserted dates, Plaintiff argues that the Illinois discovery rule requires that the limitations period be tolled "from the date the party is injured to the date when the party discovers or should have discovered the injury, exercising reasonable diligence." *Cathedral of Joy Baptist Church v. Vill. of Hazel Crest*, 22 F.3d 713, 717 (7th Cir. 1994); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). Plaintiff further argues that despite his diligent efforts to learn whether he had contracted HCV, he could not have reasonably discovered his actual medical condition until he received his positive test results on May 6, 2003.

2

In support of this argument, Plaintiff cites several cases in which the statute of limitations had been tolled until the plaintiff received a medical diagnosis. *See Erickson v. Baxter Healthcare, Inc.*, 151 F. Supp. 2d 952, 960-61 (N.D. Ill. 2001); *Nelson v. Am. Nat'l Red Cross*, 26 F.3d 193, 196-97 (D.C. Cir. 1994); *Zink v. GMRI, Inc.*, 190 F. Supp. 2d 1017, 1021 (E.D. Mich. 2002).

I am inclined to agree with the authorities cited by Plaintiff and adopt a medical condition discovery rule, which tolls the statute of limitations until the date that plaintiff receives the diagnosis of his medical condition or until the date that Plaintiff should have received the diagnosis through the exercise of reasonable diligence. I believe that this rule satisfies the Seventh Circuit test of *Cathedral*, as the limitations period begins only when the plaintiff knows or should have known, through reasonable diligence, that he had contracted a disease. In this case, although Plaintiff claims to have been concerned about his exposure to and symptoms of HCV since 1999, he lacked confirmation of that concern until May 6, 2003 when he was informed that he had tested positive for HCV. I find that the statute of limitations for Plaintiff's claim began to run on May 6, 2003, and, thus, extends until May 6, 2005.

In their motions, the Defendants uniformly argue that Plaintiff is barred from bringing his § 1983 claim because he failed to first exhaust the administrative remedies available to him within the Illinois Department of Corrections. It is Defendants' position that since Plaintiff did not file any grievances before filing his original complaint on October 10, 2000, allowing him to maintain this suit would be a violation of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e). It is well established that "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Moreover, "the district court lacks discretion to resolve the claim on the merits, even

if the prisoner exhausts intraprison remedies before judgment." *Id.* Since Plaintiff did not submit any grievances prior to filing his original complaint on October 10, 2000, I find that his case must be dismissed.[1] Plaintiff's filing of grievances during the pendency of this lawsuit could not (and did not) satisfy the PLRA's exhaustion requirements. This may generate an overly technical result, but it is what the law requires.

Defendants' Motions to Dismiss are GRANTED on the aforementioned grounds.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 29 July 2004

---

[1] Since I am deciding the Defendants' motions on this common ground, I need not address their individual arguments for dismissal.

4