# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOSEPH BARNES,

    Plaintiff,

    v.

DR. JOVITA ANYANWU,

    Defendant.

No. 00 C 6280
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joseph Barnes, is an inmate in the Illinois Department of Corrections ("IDOC"), and at all relevant times, was residing at the Stateville Correctional Center in Joliet, Illinois. Barnes's second amended, two-count complaint alleges that during his incarceration he repeatedly expressed concerns that he had been infected with Hepatitis C, and that the IDOC refused to test or treat him. Barnes has settled his dispute with Defendant Dr. Joseph Smith and conceded to the entry of summary judgment on Count I against the remaining Defendant, Dr. Jovita Anyanwu.[1] Anyanwu now moves for summary judgment on Count II, Barnes's claim for negligent infliction of emotional distress. For the following reasons, Anyanwu's motion for summary judgment is granted.

Barnes submits that while serving as Stateville's Acting Medical Director, Dr. Anyanwu, received Barnes's November 2002 grievance, in which Barnes requested that he be treated for Hepatitis C. The record shows that Anyanwu reviewed the grievance and instructed Barnes to

---

[1] Count I asserted that Dr. Anyanwu's deliberate indifference to Barnes's medical needs was in violation of the Eighth Amendment to the U.S. Constitution. Barnes conceded that Dr. Anyanwu is entitled to summary judgment on Count I because the record gives rise to no genuine issue of fact regarding his deliberate indifference to Mr. Barnes's medical needs.

utilize the correctional center's sick call procedure in order to receive the proper tests. Barnes contends that Anyanwu neglected his responsibility to adequately address the grievance and thereby breached his duty to provide reasonable medical care, causing Barnes to suffer great emotional distress.

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the nonmoving party, and draw all reasonable inferences in the nonmovant's favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). I will accept the nonmoving party's version of any

disputed fact only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir. 1996).

To state a claim for negligent infliction of emotional distress, Barnes must first allege the traditional negligence elements. Thus, to succeed, he must demonstrate: (1) the existence of a duty owed to him by Anyanwu; (2) a breach of that duty; (3) that he suffered an injury proximately caused by the breach; and (4) resulting damages. *See Corgan v. Muehling*, 574 N.E.2d 602, 606 (Ill. 1991) (citation omitted).

However, additional requirements to state a claim of negligent infliction of emotional distress have changed over the years. Prior to the Illinois Supreme Court's ruling in *Rickey v. Chicago Transit Authority,* 457 N.E.2d 1 (Ill. 1983), Illinois courts applied the "impact rule" when determining whether a plaintiff could recover damages for negligent infliction of emotional distress. *Corgan*, 574 N.E.2d at 605 (citing *Braun v. Craven*, 51 N.E. 657 (Ill.1898)). "The impact rule permitted both direct victims and bystanders to recover damages, if they suffered: (1) emotional distress; and (2) 'a contemporaneous physical injury or impact.'" *Corgan*, 574 N.E.2d at 605 (quoting *Rickey,* 457 N.E.2d at 2).

In *Rickey*, the Illinois Supreme Court partially disavowed the impact rule and widened the class of plaintiffs who could recover under a claim for negligent infliction of emotional distress. *See Kapoulas v. Williams Ins. Agency Inc.,* 11 F.3d 1380, 1382 (7th Cir. 1993). The court adopted the "zone of physical danger" rule which states that "a bystander who is in a zone of physical danger and who, because of the defendant's negligence, has reasonable fear for his own safety is given a right of action for physical injury or illness resulting from emotional distress." *Rickey*, 457 N.E.2d at 5.

The Illinois Supreme Court had reason to address the impact rule again in *Corgan*. 574 N.E.2d 602. Unlike in *Rickey*, where the plaintiff was a bystander, the plaintiff in *Corgan* was a direct victim of the negligent act. *Corgan* addressed whether direct victims of negligent acts "must set forth the pleading requirements established in *Rickey* when stating a cause of action for negligent infliction of emotional distress." *Id*. at 604. While finding that *Rickey* abandoned the impact rule as it applies to bystanders, the court held that, "*Rickey* did not, however, define the scope of negligent infliction of emotional distress as it applies to direct victims." *Id.* at 605. Thus, "the *Rickey* rule does not apply*"* and a direct victim need not allege he was in the zone of danger to state a valid claim. *Id*. at 607. *Corgan* further addressed whether a plaintiff can allege a cause of action for negligent infliction of emotional distress without alleging "physical injury or illness as a result of her emotional distress." *Id*. The court concluded that a claim based on the negligent infliction of emotional distress can proceed without asserting that the emotional distress resulted in physical symptoms. *Id*. at 609.

Plaintiff relies on *Pasquale v. Speed Products Engineering,* 654 N.E.2d 1365 (Ill. 1995)*,* in support of his argument that *Corgan* also eliminated the impact rule as it relates to direct victims. In *Pasquale*, the Illinois Supreme Court considered whether the elimination of the impact rule for bystander recovery translated into an elimination of the element of physical harm for a bystander's recovery for emotional distress under a strict liability theory. *Id*. at 1371. The court determined that it did not. *Id*. at 1373. Though the plaintiff in *Pasquale* was determined to be a bystander, the Court stated, "*Corgan*, however, extended *Rickey* 's elimination of the impact rule to instances where plaintiffs were the direct victims of the negligent conduct and suffered emotional distress injury." *Id*. at 1372.

4

I decline to adopt *Pasquale's* interpretation of *Corgan* and instead concur with the interpretations that have been expressed by the Seventh Circuit in *Kapoulas,* 11 F.3d at 1382, (concluding that "[w]hen a direct victim claims emotional distress, the impact rule still applies"), by Judge Moran in *Choi v. Chase Manhattan Mortgage Co.*, 63 F. Supp. 2d 874, 888 (N.D. Ill. 1999) (rejecting plaintiff's characterization of "recent court decisions" as eliminating the impact rule, and holding that a negligent infliction of emotional distress claimant must allege a physical impact), and by Judge Gettleman in *Fenner v. Favorite Brands International, Inc.,* No. 97 C 5906, 1998 WL 249232, at *8 (N.D. Ill. May 12, 1998) (holding "[t]he *Pasquale* court's characterization of the holding in *Corgan* is inaccurate. The court in *Corgan* did not eliminate the need for a direct victim to allege and prove a contemporaneous injury or impact").

While Barnes is correct that victims who assert emotional distress damages do not have to allege physical injury, Barnes has failed to address the differences between 'contemporaneous physical injury or impact' and the 'physical manifestations' of emotional distress. "When the *Corgan* court decided that a plaintiff need not allege that she suffered a 'physical injury or illness as a result of her emotional distress,' it was referring to the requirement that a plaintiff allege a 'physical manifestation' of her emotional distress, not the requirement that she suffer a physical impact or injury in the first place." *Fenner,* 1998 WL 249232, at *8 (citing *Corgan*, 574 N.E.2d at 607-09). *Corgan* did not overturn the impact rule; direct victims must still experience "some form of physical danger or harm as the catalyst for the resulting emotional trauma." *Choi*, 63 F. Supp. 2d at 888.

Accordingly, accepting each of Barnes's allegations as true, he has failed to allege any facts that could establish a contemporaneous physical injury or impact. He has plead and

5

testified that the delay in providing the Hepatitis C test only caused emotional harm. Therefore, the negligent infliction of emotional distress claim is precluded, and Defendant Anyanwu is entitled to judgment as a matter of law. Defendant's motion for summary judgment is granted.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: July 10, 2009